# EXHIBIT A

## RETAINER AGREEMENT

This agreement for legal services by and between Raymond A. Long ("you") and Judd Burstein, P.C. ("JBPC") constitutes a binding legal contract and should be reviewed carefully.

A.  **THE NATURE OF THE SERVICES TO BE RENDERED**

You have retained JBPC to represent you in (a) *Long v. Parry, et al.*, Case No. 12-cv-00081 (D. Vt.), (b) a planned defamation litigation in the United States District Court for the District of Vermont against Northwestern Medical Center ("NW") and related parties (collectively "Primary Litigations"), (c) a potential claim for rescission of a settlement agreement reached in the case of *Long v. Quorum Health Resources, L.L.C, et al.*, Case No. 05-cv-00021 (D. Vt.), and prosecution of the underlying case in the event that rescission is granted ("Potential NW Litigation"), and (d) a potential *Qui Tam* action brought against NW and related parties ("Potential Medicare Litigation").

B.  **THE PRIMARY LITIGATIONS**

   1. Our services will include all work required for discovery, pretrial proceedings, trial

Page 1 of 11

or appeals in the Primary Litigations, as well as all work necessary for the collection of any judgment entered in your favor. The scope of our services shall include representing you in connection with any and all claims (existing or new) made in the Primary Litigations by any party.

2. In order for JBPC to represent you in the Primary Litigations, you will pay us, and we have agreed to accept, a flat fee payment of $300,000, to be paid as follows: (a) $100,000 on or before May 13, 2013, (b) $100,000 on or before June 24, 2013, and $100,000 on or before August 5, 2013. UNLESS THERE ARE ADDITIONAL FEES TO BE PAID AS A PERFORMANCE BONUS/CONTINGENCY FEE (DESCRIBED BELOW), THE $300,000 FLAT FEE PAYMENT WILL BE THE TOTAL AMOUNT OF FEES PAID BY YOU FOR JBPC's REPRESENTATION OF YOU IN THE PRIMARY LITIGATIONS.

3. You have the absolute right to cancel this Retainer Agreement at any time prior to the conclusion of the Primary Litigations. If you were to discharge JBPC as your attorneys before completion of the Primary Litigations, or if JBPC were to secure a court order permitting

it to withdraw its representation of you, a fair and reasonable fee, which may include the return of some or all of the flat fee, would be determined in accordance with legally accepted standards.

4.  As noted, no fees beyond the $300,000 flat fee due shall be payable unless we collect monies, through a settlement or judgment, in either or both of the Primary Litigations. If monies are collected, they shall be distributed in the following order: (a) JBPC shall be paid the first $300,000 recovered; (b) you shall be paid an amount equal to $600,000 plus all expenses paid as set forth below in Paragraph B(5) (but only to the extent that they have been incurred after execution of this Retainer Agreement), and (c) any additional monies shall be divided between us, with 70% paid to you, and 30% paid to JBPC; provided, however, that if there are any appellate court proceedings, the additional monies shall be divided 69% to you and 31% to JBPC.

5.  In addition to the foregoing, your responsibility will include direct, timely payment of out-of-pocket expenses and reimbursement of JBPC for disbursements advanced on your

behalf. Such expenses shall consist of messenger and other delivery fees (it being understood that email shall be used whenever possible), WESTLAW research fees, copying (at $0.20 a page), local counsel fees, database fees, deposition and trial transcript fees, expert witness fees, trial technology fees, and first class air and hotel (if available) travel for Judd Burstein (economy air and hotel for all other JBPC personnel). Such payments are to be paid separately and within 30 days of receipt of our invoice by email, and will not be applied against the flat fee.

6. You will be billed for expenses periodically, generally each month but in no event less frequently than every 60 days. Upon receipt of our bill, you are expected to review the bill and promptly bring to our attention any objections you may have to the bill. The Courts have deemed a failure to object within 30 days of receipt of a billing statement to be an admission that the charges set forth therein are appropriately due and owing. While we strive to keep perfectly accurate time and expense records, we recognize the possibility of human error, and we shall discuss with you any objections you raise to our bill.

C. THE POTENTIAL NW LITIGATION

1. We have agreed that discovery in the Main Litigations may provide a basis for proceeding with the Potential NW Litigation. In the event that you desire to move forward with the Potential NW Litigation and JBPC concludes that doing so will not violate its obligations under Fed. R. Civ. P. 11, JBPC will represent you in that litigation in return for a pure contingency fee arrangement pursuant to which JBPC will be paid 33.33% of any net recovery after out-of-pocket expenses (as described below in Paragraph C(3)); provided, however, that if there are any appellate court proceedings, JBPC will be paid 34.33% of any net recovery.

2. You have the absolute right to cancel this Retainer Agreement at any time prior to the conclusion of the Potential NW Litigation, including the right to change counsel before the commencement of any such litigation. If you were to discharge JBPC as your attorneys before completion of the NW Litigation and after it has started, or if JBPC were to secure a court order permitting it to withdraw its representation of you, a fair and reasonable fee would be determined in accordance with legally accepted standards. It is understood that any action

undertaken pursuant to this Paragraph C(2) shall have no effect upon and shall not reduce your obligations as set forth in Sections A, B, and D. In other words, JBPC's rights to a fee in connection with the Primary Litigations and the Potential Medicare Litigation are not in any way dependent upon what may or may not occur in the Potential NW Litigation.

    3.    In addition to the foregoing, your responsibility will include direct, timely payment of out-of-pocket expenses and reimbursement of JBPC for disbursements advanced on your behalf. Such expenses shall consist of messenger and other delivery fees (it being understood that email shall be used whenever possible), WESTLAW research fees, copying (at $0.20 a page), local counsel fees, database fees, deposition and trial transcript fees, expert witness fees, trial technology fees, and first class air and hotel (if available) travel for Judd Burstein (economy air and hotel for all other JBPC personnel). Such payments are to be paid separately and within 30 days of receipt of our invoice by email.

    4.    You will be billed for expenses periodically, generally each month but in no event less frequently than every 60 days. Upon receipt of our bill, you are expected to review the

bill and promptly bring to our attention any objections you may have to the bill. The Courts have deemed a failure to object within 30 days of receipt of a billing statement to be an admission that the charges set forth therein are appropriately due and owing. While we strive to keep perfectly accurate time and expense records, we recognize the possibility of human error, and we shall discuss with you any objections you raise to our bill.

D.   <u>THE POTENTIAL MEDICARE LITIGATION</u>

1.   You have informed JBPC of your belief that there are grounds to bring a meritorious *Qui Tam* action against NW and others. In the event that you desire to move forward with the Potential Medicare Litigation and JBPC concludes that doing so will not violate its obligations under Fed. R. Civ. P. 11, JBPC will represent you in that litigation in return for a pure contingency fee arrangement pursuant to which JBPC will be paid 33.33% of any net recovery after out-of-pocket expenses (as described below in Paragraph D(3)); provided however, that if there are any appellate court proceedings, JBPC will be paid 34.33% of any net recovery.

2. You have the absolute right to cancel this Retainer Agreement at any time prior to the conclusion of the Potential Medicare Litigation, including the right to change counsel before the commencement of any such litigation. If you were to discharge JBPC as your attorneys before completion of the Potential Medicare Litigation and after it has started, or if JBPC were to secure a court order permitting it to withdraw its representation of you, a fair and reasonable fee would be determined in accordance with legally accepted standards. It is understood that any action undertaken pursuant to this Paragraph D(2) shall have no effect upon and shall not reduce your obligations as set forth above in Sections A-C. In other words, JBPC's rights to a fee in connection with the Primary Litigations and the Potential NW Litigation are not in any way dependent upon what may or may not occur in the Potential Medicare Litigation.

3. In addition to the foregoing, your responsibility will include direct, timely payment of out-of-pocket expenses and reimbursement of JBPC for disbursements advanced on your behalf. Such expenses shall consist of messenger and other delivery fees (it being understood

that email shall be used whenever possible), WESTLAW research fees, copying (at $0.20 a page), local counsel fees, database fees, deposition and trial transcript fees, expert witness fees, trial technology fees, and first class air and hotel (if available) travel for Judd Burstein (economy air and hotel for all other JBPC personnel). Such payments are to be paid separately and within 30 days of receipt of our invoice by email.

    4.    You will be billed for expenses periodically, generally each month but in no event less frequently than every 60 days. Upon receipt of our bill, you are expected to review the bill and promptly bring to our attention any objections you may have to the bill. The Courts have deemed a failure to object within 30 days of receipt of a billing statement to be an admission that the charges set forth therein are appropriately due and owing. While we strive to keep perfectly accurate time and expense records, we recognize the possibility of human error, and we shall discuss with you any objections you raise to our bill.

E.    <u>MISCELLANEOUS</u>

    1.    You acknowledge that you have read this Retainer Agreement in its entirety, that

you have had a full opportunity to consider its terms, and that you fully understand its terms and agree to such terms.

2. You fully understand and acknowledge that there are no additional or different terms or agreements other than those expressly set forth in this Retainer Agreement.

3. This Agreement shall be governed by the laws of the State of New York without regard to any principles of conflicts of laws.

4. Any dispute arising out of or related to this Retainer Agreement may be litigated only in the Federal or State Courts located in New York County, New York. The parties hereto irrevocably submit themselves to the jurisdiction of the Courts of the State of New York solely for the purposes of this Agreement.

Dated: May 14, 2013

JUDD BURSTEIN, P.C.

DocuSigned by:
2D15203F9CA0458
By: Judd Burstein

*/s/ Raymond A. Long*
Raymond A. Long

Page 10 of 11