# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

RAYMOND A. LONG,                          :
                                          :
        Plaintiff,                        :
                                          :
        v.                                :       File No. 2:12-cv-81
                                          :
LLOYD GEORGE PARRY and                    :
DAVIS, PARRY & TYLER, P.C.,               :
                                          :
        Defendants.                       :

ORDER

Dr. Raymond Long brings this action alleging misconduct by
his former attorney, Lloyd George Parry, Esq., and the law firm
of Davis, Parry & Tyler, P.C.  Now before the Court are the
following motions: (1) Defendants' motion to exclude evidence
that is the subject of a pre-existing protective order, (2)
Defendants' motion for a protective order relieving them from the
duty to disclose that same information, and (3) Judd Burstein,
P.C.'s motion to withdraw as counsel for Dr. Long.

**I.   Motions To Exclude Evidence and For A Protective Order**

The motion to exclude evidence arises out of a protective
order issued in *Long v. Quorum Health Res., LLC*, Docket No. 2:05-
cv-21 (ECF No. 5) (the "*Triad* Protective Order" or "Order").  The
*Triad* Protective Order pertained to a range of private
information including patient health, peer review, and
confidential trade records.  The Order prohibited the use of
those materials "for any purpose other than this litigation or
any appeals thereof," and required any persons receiving the

materials to "return the Confidential Information or destroy the Confidential Information (including all copies made) at the conclusion of the litigation (including any and all appeals)." *Triad* Protective Order at 7, ¶¶ 9, 13.  That litigation ended pursuant to a Stipulation of Dismissal filed September 5, 2008.

The Court has now been informed that not all documents were returned or destroyed at the conclusion of the litigation as required by the *Triad* Protective Order.  The Court has also been informed that such documents may be in the possession of counsel for both sides in the instant case.  The motions to exclude those documents from evidence and for another protective order are unopposed.

The motion to exclude (Doc. 76) is hereby **granted**, as the terms of the *Triad* Protective Order clearly bar the parties from using the documents outside of that litigation.  Further, the parties are hereby **ordered** to comply with the *Triad* Protective Order and immediately return or destroy any and all covered documents as set forth in the terms of the Order.  Compliance with the *Triad* Protective Order will render any further protective order unnecessary, and the motion for such a protective order (Doc. 76) is **denied.**

## II.  Motion to Withdraw as Counsel

Attorney Judd Burstein and others from his law firm have been serving as Dr. Long's lead counsel since their appearances

*pro hac vice* beginning in May 2014.  Attorney Burstein and his firm ("the Burstein firm") now seek leave to withdraw as counsel because their relationship with Dr. Long has become untenable.  The only opposition to the motion is from Dr. Long's local counsel, Attorney Herbert Ogden.  Both parties describe the relationship between Dr. Long and the Burstein firm as "shattered."

Local Rule 11(d) allows an attorney to withdraw by means of a motion.  Affidavits from members of the Burstein firm make clear their level of discomfort both in their daily interactions with their client, and in the context of potential ethical concerns under the Vermont Rules of Professional Responsibility. Indeed, it is plain from the parties' submissions to the Court, as well as the dispute over the motion to withdraw itself, that the relationship between the Burstein firm and Dr. Long has broken down.  "Under these circumstances, courts have found that a termination of the relationship would be in the best interest of both." *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 446 (S.D.N.Y. 2014) (internal quotation marks and citation omitted).

A court determining whether to grant a motion to withdraw may also consider whether 'the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel.'" *Stair v. Calhoun*, 722 F. Supp. 2d 258, 265 (E.D.N.Y. 2010) (quoting

3

*Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999)).  In this case, Attorney Ogden filed the Complaint and is now litigating on behalf of Dr. Long.  Accordingly, the Court finds that there will be minimal disruption, at most, if the Burstein firm is allowed to withdraw, and Attorney Ogden carries forward with the representation.  The motion to withdraw (ECF No. 75) is therefore **granted.**

DATED at Burlington, in the District of Vermont, this 7th day of July, 2015.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge